Case 1:25-cv-11177-PBS Document 2-1 Filed 04/30/25 Page 1 of 13

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS,<br>Plaintiff,<br>v.<br>GREYLOCK BEDFORD REAL ESTATE, LLC,<br>Defendant. | Case No. 1:25-cv-11177 |

**CONSENT DECREE**

WHEREAS, Greylock Bedford Real Estate, LLC ("Greylock Bedford" or "Defendant") owns a site that is approximately 1.3 acres of land located at 100 Plank Street in Bedford, Massachusetts on which it is constructing a mixed-income residential development (the "Site");

WHEREAS, the Commonwealth of Massachusetts ("Commonwealth"), acting through the Office of the Attorney General ("Attorney General's Office"), alleges in its Complaint (filed today against Defendant in the United States District Court, District of Massachusetts) that Defendant has violated the Federal Clean Water Act, 33 U.S.C. §§1251–1387 (the "Act") by discharging stormwater from the Site into wetlands that are adjacent to and share a continuous surface water connection to Beaver Brook (the "Beaver Brook Wetlands"), which ultimately drains into the Shawsheen River via catch basins located on Taylor Pond Lane and Plank Street, without obtaining and complying with the construction general stormwater permit (the "Permit") issued by the United States Environmental Protection Agency ("EPA");

WHEREAS, Defendant alleges that it completed the Permit application and complied with certain best management practices, including erosion control measures for stormwater

management, but concedes that it failed to successfully file such Permit when originally due. Defendant alleges that the Permit application was prepared by Defendant's civil engineer and email correspondence between the engineer and Defendant and its contractors between March 1, 2022, and March 3, 2022, evidences the intent to file; however, Defendant alleges that the party who indicated he would electronically sign the Permit did not do so. Defendant alleges that it was unaware that the Permit had not been filed until it received the notice of violation, as set forth in the next paragraph, from the Attorney General's Office dated May 2, 2024.

WHEREAS, on May 2, 2024, the Attorney General's Office provided notice of the alleged violations and of the Attorney General's Office's intention to file suit against Defendant ("Notice Letter") to the Administrator of the EPA; the Administrator of EPA Region 1; the Massachusetts Department of Environmental Protection; and to Defendant, pursuant to Section 505 of the Act, 33 U.S.C. § 1365;

WHEREAS, following receipt of the Notice Letter, Defendant took several actions, including successfully obtaining Permit coverage for stormwater discharges under EPA's National Pollutant Discharge Elimination System ("NPDES") (Permit No. MAR100583) for the Site, and Defendant alleges that it managed the construction site in accordance with Permit requirements and best management practices, including erosion control measures, prior to and following the Permit coverage.

WHEREAS, Defendant anticipates that these steps, together with the implementation measures set forth herein, will enable it to comply with the requirements of the Act;

WHEREAS, neither this Consent Decree, nor the terms thereof, nor the performance of the terms thereunder by Defendant shall constitute or be construed as an admission or acknowledgment by Defendant of Plaintiff's factual or legal assertions in the Notice Letter or the Complaint;

WHEREAS, Defendant does not admit any liability arising out of the facts or laws referenced or alleged in the Notice Letter or the Complaint;

WHEREAS, the Commonwealth and Defendant (collectively, the "Parties") have reached an agreement to fully resolve this dispute; and

WHEREAS, this Consent Decree shall be submitted to the United States Department of Justice for the 45-day statutory review period, pursuant to 33 U.S.C. § 1365(c).

NOW THEREFORE, based on the Joint Motion of the Parties for Entry of this Consent Decree, and before taking any testimony and without the adjudication of any issues of fact or law, except as provided in Section I (Jurisdiction and Venue), it is ADJUDGED, ORDERED, AND DECREED, as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the Parties and the subject matter of this action pursuant to Section 505(a)(1)(A) of the Act, 33 U.S.C. § 1365(a)(1)(A), and 28 U.S.C. § 1331 (an action arising under the laws of the United States). Venue is proper in the District of Massachusetts pursuant to Section 505(c)(1) of the Act, 33 U.S.C. § 1365(c)(1).

2. The Complaint alleges facts that, if proven, would constitute good and sufficient grounds for the relief set forth in this Consent Decree.

## II. EFFECTIVE DATE

3. The Effective Date of this Consent Decree shall be the date on which the Court enters the Consent Decree on the docket ("Effective Date").

## III. PARTIES BOUND

4. This Consent Decree shall constitute a binding agreement between the Parties, and Defendant consents to its entry as a final judgment by the Court and waives all rights of appeal upon the entering of this Consent Decree on the docket. If the Court declines to enter this

Consent Decree on any ground except one related to form, this Consent Decree is voidable at the option of either party within fourteen (14) days of the Court's decision. If, on the other hand, the Court determines that substantive modifications to this Consent Decree are necessary prior to the Court's entry of it, the Parties shall enter into good faith negotiations to discuss the modifications, and this Consent Decree shall be void unless the Commonwealth and Defendant agree otherwise in writing within fourteen (14) days of the Court's decision.

5. The provisions of this Consent Decree shall apply to and bind Defendant and any person or entity acting by, for, or through Defendant, including Defendant's managers, directors, officers, supervisors, employees, agents, attorneys-in-fact, successors, and assigns, and those persons in active concert or participation with Defendant who receive notice of this Consent Decree.

6. Defendant shall provide a true copy of this Consent Decree to all of its managers, directors, officers, supervisors, employees, and agents whose duties might include compliance with any provision of this Consent Decree. Defendant shall also provide a copy of this Consent Decree to any contractor retained by it to perform work required under this Consent Decree and shall condition any such contract, entered into after the Effective Date of the Consent Decree, on the contractor's performance of the work in compliance with the terms of this Consent Decree. For any such contract entered into prior to the Effective Date, Defendant shall ensure that the contractor performs its work in compliance with the terms of this Consent Decree.

7. For two (2) years following the Effective Date, Defendant shall provide written notice of any prospective change or transfer in ownership of the Site, together with a copy of the proposed written change or transfer agreement, to the Attorney General's Office in accordance with Section XI (Notices) of this Consent Decree. At least thirty (30) days prior to any change or transfer of ownership, management, or operation of the Site that occurs within two (2) years of

the Effective Date, Defendant shall provide a copy of this Consent Decree to the proposed transferee or new manager or operator. No change or transfer in ownership, management, or operation of the Site, whether in compliance with the procedures of this Paragraph or otherwise, shall relieve the Defendant or its managers, officers, directors, agents, successors, assigns, heirs, and/or servants of any obligation under this Consent Decree, unless:

a. the transferee agrees, in writing, to undertake any outstanding obligations required by Section IV (Payments), Section V (Injunctive Relief), and Section VI (Facility Access and Submission of Records) and to be added as a Defendant or substituted for Defendant as a Party under the Consent Decree and thus assume the obligations, rights, and benefits of, and be bound by, its terms;

b. the Commonwealth agrees to consent, in writing, to relieve Defendant of its obligations under the Consent Decree; and

c. the transferee becomes a party under this Consent Decree pursuant to Section XIII (Modification).

8. Defendant shall not violate this Consent Decree, and Defendant shall not allow its officers, directors, agents, attorneys-in-fact, employees, successors, assigns, or contractors to violate this Consent Decree. In any action to enforce this Consent Decree, Defendant shall not raise as a defense the failure by any of Defendant's managers, directors, officers, supervisors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Consent Decree.

9. In addition to any relief specifically provided in this Consent Decree, Defendant understands and agrees that violations of this Consent Decree may be punishable by contempt pursuant to an appropriate civil contempt proceeding.

## IV. PAYMENTS

10. Within fifteen (15) days of the Effective Date, Defendant shall pay to The Shawsheen River Watershed Association the sum of twenty-five thousand dollars ($25,000) to fund a project or projects that improve water quality in the Shawsheen River Watershed. At the time of the payment, Defendant shall send notice to the Commonwealth, by electronic mail, that such payment has been made as set forth below in Section XI (Notices) and shall include the following information: "SRWA, *Commonwealth v. Greylock Bedford Real Estate,*" Defendant's Taxpayer Identification Number, all of the payment information in this Paragraph, and the amount of the payment. Defendant shall contemporaneously provide to the Commonwealth evidence of its payment to The Shawsheen River Watershed Association, Inc. pursuant to Section XI (Notices.) The payment shall be made by check to The Shawsheen River Watershed Association, Inc. and mailed to The Shawsheen River Watershed Association, Inc., 31 Sprague Street, N. Billerica, Massachusetts 01862.

11. Within fifteen (15) days of the Effective Date, Defendant shall reimburse the Attorney General's Office in the amount of twenty thousand dollars ($20,000) to defray the Attorney General's Office's costs, including attorney fees, incurred in connection with its work on this matter. Payments should be made by wire transfer or EFT to the following account:

Commonwealth of Massachusetts, Office of Attorney General
[redacted]
SANTANDER BANK
75 STATE STREET
BOSTON, MA 02109
TIN: [redacted]

and shall include the following in the payment information: "EPD, *Commonwealth v. Greylock Bedford* – Costs." At the time of the payment, Defendant shall send notice to the Commonwealth, by electronic mail, that such payment has been made as set forth below in

Case 1:25-cv-11177-PBS Document 2-1 Filed 04/30/25 Page 7 of 13

Section XI (Notices) and shall include Defendant's Taxpayer Identification Number, all of the payment information in this Paragraph, and the amount of the payment.

## V. INJUNCTIVE RELIEF

12. Defendant will ensure that the Site is operated in compliance with the currently applicable Permit, including any amendments thereto or issuances thereof, and with the Act, until the Permit has been terminated in compliance with Section 8 of the Permit. Specifically, among other things, the Defendant shall:

a. Design, install, and maintain stormwater controls required in Parts 2.2, 2.3, and 2.4 of the Permit to minimize the discharge of pollutants in stormwater from construction activities, as specified in the stormwater pollution prevention plan (the "SWPPP") for the Site.

## VI. SITE ACCESS AND SUBMISSION OF RECORDS

13. Defendant shall permit the Attorney General's Office to visit the Site during normal daylight business hours for two (2) years following the Effective Date, provided that the Attorney General's Office provide at least twenty-four (24) hours prior notice. During any site visit, the Attorney General's Office shall have access to and permission to copy any documentation required to be kept on site by any applicable Permit for the Site.

14. For a period of two (2) years following the Effective Date, Defendant shall provide the Attorney General's Office with the following documents in accordance with Section XI (Notices), below:

a. copies of all documents that Defendant submits from the Effective Date onward to EPA, the Commonwealth, and/or the Town of Bedford concerning Defendant's stormwater controls or the quality of Defendant's stormwater discharges associated with construction activity at the Site, including but not limited to all documents and reports submitted

as required by the Permit, within ten (10) business days of Defendant's submission of these documents to the relevant entity;

b. current copies of the SWPPP for the Site, within ten (10) business days of receipt by Defendant of a request by the Attorney General's Office;

c. all maintenance records for the Site's stormwater pollution control systems from the Effective Date onward, within ten (10) business days of receipt by Defendant of a written request by the Attorney General's Office;

d. all written material, including all presentations, associated with any trainings referenced in the SWPPP, within ten (10) business days of Defendant's receipt of a written request by the Attorney General's Office;

e. written notice of any changes made to stormwater control measures at the Site, if any, from the Effective Date onward pursuant to Section 5 of the Permit within two (2) weeks of completion; and

f. laboratory reports and analytical results of stormwater sampling performed by or for Defendant from the Effective Date onward for stormwater discharges from the Site, within ten (10) business days of receiving the reports.

15. Any information provided by Defendant may be used by the Commonwealth in any proceeding to enforce the provisions of this Consent Decree and as otherwise permitted by law.

16. The Consent Decree in no way limits or affects any right of entry and inspection or any right to obtain information held by the Commonwealth or any of its branches, departments, agencies, or offices pursuant to applicable federal or state laws, regulations, or permits, nor does it limit or affect any duty or obligation of Defendant to maintain documents, records, or other information imposed by applicable federal or state laws, regulations, or permits.

## VIII. INTEREST AND COLLECTIONS

17. If any payment required pursuant to this Consent Decree is late or not made, Defendant shall pay interest on any overdue amount for the period of such nonpayment at the rate of twelve percent (12%) per annum computed monthly and shall pay all expenses associated with collection by the Commonwealth of the unpaid amounts and interest for any period of nonpayment after the payment obligation becomes due, including reasonable attorney fees.

## IX. EFFECT OF CONSENT DECREE

18. Upon compliance by Defendant with the requirements of this Consent Decree, (a) this Consent Decree shall resolve Defendant's liability for the specific legal claims alleged against it in the Complaint and the Notice Letter, and (b) the Commonwealth shall release Defendant from liability for the specific legal claims alleged against it in the Complaint and the Notice Letter. Notwithstanding the foregoing, the Commonwealth expressly reserves all claims for injunctive relief for violations of all the statutes and regulations referred to in this Consent Decree, whether related to the specific legal claims resolved by the Consent Decree or otherwise.

19. Nothing in this Consent Decree (a) shall bar any action by the Commonwealth on any legal claim not specifically alleged in the Notice Letter or pleaded in the Complaint or for any violations not revealed to the Commonwealth or for violations that occur after the Effective Date; (b) shall be deemed to excuse non-compliance by Defendant, or any of the persons or entities otherwise bound by this Consent Decree with any law or regulation; or (c) shall preclude a separate or ancillary action by the Commonwealth to enforce the terms of this Consent Decree or any permit or other approval issued by the Massachusetts Department of Environmental Protection or EPA relative to the Site.

20. This Consent Decree is not a permit, or a modification of any permit, under any federal, state, or local laws or regulations. Defendant is responsible for achieving and

Case 1:25-cv-11177-PBS Document 2-1 Filed 04/30/25 Page 10 of 13

maintaining complete compliance with all applicable federal, state, and local laws, regulations, and permits; and Defendant's compliance with this Consent Decree shall not be a defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein. The Attorney General's Office does not, by its consent to the entry of this Consent Decree, warrant or aver in any manner that Defendant's compliance with any aspect of this Consent Decree will result in compliance with provisions of any federal, state, or local law, regulation, or permit.

21. Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a party to this Decree.

**X. MISCELLANEOUS**

22. Defendant understands and agrees that, pursuant to 11 U.S.C. § 523(a)(7), the costs or sums that Defendant has agreed to pay under this Consent Decree are not subject to discharge in any bankruptcy.

23. Defendant shall pay all expenses, including reasonable attorney fees and costs, incurred by the Commonwealth in the enforcement of this Consent Decree against them, consistent with the scope of 33 U.S.C. § 1365(d).

24. Nothing in this Consent Decree shall prevent Defendant from taking any action otherwise required by law.

25. The titles in this Consent Decree have no independent legal significance and are used merely for the convenience of the Parties.

26. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or State or Federal holiday, the period shall run until the close of business on the next business day.

27. Defendant is responsible for complying with this Consent Decree and is liable for violations of this Consent Decree.

28. Signature of the Parties transmitted by scanning and email are binding.

## XI. NOTICES

29. Unless otherwise specified in this Consent Decree, notices and submissions required by this Decree shall be made in writing by email to the following addresses:

For the Attorney General's Office and the Commonwealth:

Michele A. Hunton, Assistant Attorney General
Environmental Protection Division
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Michele.Hunton@mass.gov

Muhammad Diallo, Federal Enforcement Case Coordinator
Environmental Protection Division
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
muhammad.diallo@mass.gov

For Defendant Greylock Bedford:

Pamela J. Brown, Esq.
Brown & Brown, P.C.
110 Great Road
Bedford, MA 01730
pbrown@brown-brown-pc.com

or, to such other place or to the attention of such other individual as a party may from time to time designate by written notice to the other Parties to this Consent Decree.

## XII. INTEGRATION

30. Except as expressly set forth in this Consent Decree, this Consent Decree sets forth all of the obligations of the Parties and represents the complete and exclusive statement of

Case 1:25-cv-11177-PBS Document 2-1 Filed 04/30/25 Page 12 of 13

the Parties with respect to the terms of the settled agreement embodied by this Consent Decree; any other representations, communications, or agreements by or between Parties, whether oral or written, shall have no force and effect.

## XIII. MODIFICATION

31. The terms of this Consent Decree may be modified only by a subsequent written agreement signed by the Parties. Where the modification constitutes a material change to any term of this Consent Decree, it shall be effective only by written approval of the Parties and the approval of the Court. The Commonwealth's decision to extend a deadline in this Consent Decree shall not constitute a material change for purposes of this Paragraph.

## XIV. AUTHORITY OF SIGNATORY

32. The person signing this Consent Decree on behalf of Defendant acknowledges that: (a) they have personally read and understand each of the numbered Paragraphs of this Consent Decree, including any Appendices attached to it; (b) they are authorized to sign and bind Defendant to the terms of this Consent Decree, and (c) to the extent necessary, the managers, directors, officers, and shareholders of the Defendant they represent have consented to the entry of this Consent Decree as a Final Judgment.

## XVII. RETENTION OF JURISDICTION

33. The Court shall retain jurisdiction over this case for purposes of resolving disputes that arise under this Consent Decree, entering orders modifying this Consent Decree, or effectuating or enforcing compliance with the terms of this Consent Decree subject to the limitations in Section XIII.

## XV. FINAL JUDGMENT

34. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a Final Judgment of the Court.

Case 1:25-cv-11177-PBS Document 2-1 Filed 04/30/25 Page 13 of 13

OFFICE OF THE ATTORNEY GENERAL
ANDREA JOY CAMPBELL, ATTORNEY GENERAL

By: ______________________ Dated: 04/22/2025

Michele A. Hunton
Assistant Attorney General
Environmental Protection Division
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
617-963-2274
Michele.Hunton@mass.gov

GREYLOCK BEDFORD REAL ESTATE, LLC,
a Massachusetts Limited Liability Company:

By: ______________________ Dated: 4/7/25

Brian Navarro
Manager

IT IS SO ORDERED. JUDGMENT is hereby entered in accordance with the foregoing.

By the Court: ______________________

United States District Court

Dated: 7/11/25